O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON DAVID YONAI; KAZELOON RECORDS & K.D. LEAN, INC., <br><br>  Plaintiffs, <br><br> v. <br><br> SONY BMG MUSIC ENTERTAINMENT; UNIVERSAL MUSIC GROUP; WARNER MUSIC GROUP; JIMMY IOVINE, INTERSCOPE RECORDS, WHOEVER APPLICABLE, ET AL.; THE BIG FOUR MUSIC GROUP, <br><br>  Defendants. | Case No. 2:13-cv-07938-ODW(JEMx) <br><br> **ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

On October 28, 2013, Plaintiff Jason David Yonai filed a putative civil-rights Complaint against myriad record-label Defendants. (ECF No. 1.) On October 31, 2013, the Court dismissed Yonai's Complaint with leave amend because Yonai failed to specifically allege which copyrights he owned and how exactly he contends that each Defendant infringed them. (ECF No. 6.)

On November 12, 2013, Yonai filed a First Amended Complaint that purports to address his previous pleading deficiencies. But since the Court finds that Yonai has still not properly alleged any viable copyright-infringement claims, the Court again **DISMISSES** Yonai's First Amended Complaint **WITH LEAVE TO AMEND**.

Federal Rule of Civil Procedure 8(a) requires that a pleading contain a short and plain statement of a claim showing that the pleader is entitled to relief. *Bautista v. L.A. Cnty.*, 216 F.3d 837, 840 (9th Cir. 2000). Plaintiff must plead a short and plain statement of the elements of his claim, "identifying the transaction or occurrence giving rise to the claim and the elements of a prima facie case." *Id.* Further, Plaintiff must eliminate all preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like from his complaint. *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996). The Court should be able to read and understand Plaintiff's pleading within minutes. *Id.* at 1177.

Although the Court is required to give pro se plaintiffs some leniency in terms of procedure, the plaintiff must still adequately plead his complaint. *See Eldridge v. Block*, 832 F.2d 1132, 1135–36 (9th Cir. 1987). A complaint that is unintelligible serves no purpose; but more importantly, it fails to perform the essential functions of a complaint. *McHenry*, 84 F.3d at 1180. And it requires all parties—plaintiff, defendant, and the court—to expend resources just trying to decipher the prose. A court may *sua sponte* dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to comply with Federal Rule of Civil Procedure 8. *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987).

Construing Yonai's First Amended Complaint as best as the Court can, it appears Yonai is alleging that various musical artists infringed Yonai's copyrights in songs Yonai wrote. Yonai specifically alleges that the artist Lil Wayne infringed Yonai's copyrights in Lil Wayne's albums *The Carter 1, 2, 3,* and *4* and *I am Not a Human Being Part 1* and *2*. Yonai also contends that Lil Wayne/Young Money copied Yonai's lyrics when Lil Wayne wrote the line "Call me Mr. Flinstone [*sic*] [.] I can make your bedrock" in the song "Bedrock."

Yonai further alleges that the rapper Eminem impermissibly used the rhythm from Yonai's song "Mass Murderoraz" in Eminem's "Eminem Show LP, "Solider,"

and "Street Life" songs. Yonai asserts that this alleged infringement caused him so much anger that he assaulted a police officer and committed violations of California prison regulations.

Yonai also contends that Defendants committed additional infringement via their songs "Make It Rain" by Lil Wayne and Fat Joe; "Forever" by Drake, Eminem, and Lil Wayne; and "The Winner" by Drake. But Yonai does not allege which exact Defendants are responsible for this alleged infringement.

Finally, Yonai requests relief "under Federal Rule of Civil Procedure Rule 1" to conduct a discovery hearing regarding his claims. He also asks the Court to appoint a lab technician, handwriting expert, or pencil-lead and pen-ink specialist to determine the date he wrote his six pounds of copyrighted songs.

Despite Yonai's repeated references to the AO 121 form he filled out, Yonai did not include a single copyright he allegedly owns on the form. He simply wrote "unassigned" under "Copyright Registration No." and "KamiKaze Loon Music" under "Title of Work." Nowhere in Yonai's First Amended Complaint or AO 121 does Yonai specifically allege how a particular Defendant infringed upon one of Yonai's particular copyrighted works. While he alleges that he has thousands of copyrights, he must make specific allegations of copyright infringement in order to satisfy Federal Rule of Civil Procedure 8. The Court—and likely the Defendants—cannot decipher Yonai's allegations despite the amended complaint.

The Court therefore **DISMISSES** Yonai's First Amended Complaint **WITH LEAVE TO AMEND**. Yonai must specifically allege discrete acts of infringement and identify which Defendant or Defendants committed the alleged acts. It is not enough just to assert he has thousands of copyrights and say it would be too difficult to name each one. The Defendants must be able to respond to specific allegations that plausibly allege copyright infringement of identified works.

Yonai may file a second amended complaint by Wednesday, December 4, 2013. This is the last time the Court will permit amendment. Failure to comply with Rule 8

again, or failure to file a timely amended complaint, will result in dismissal without leave to amend.

The Court again advises Yonai that a Federal Pro Se Clinic is located in the United States Courthouse at 312 N. Spring Street, Room 525, Fifth Floor, Los Angeles, California 90012. The clinic is open for appointments on Mondays, Wednesdays, and Fridays from 9:30 a.m. to 12:00 p.m. and 2:00 p.m. to 4:00 p.m. The Federal Pro Se Clinic offers free, onsite information and guidance to individuals who are representing themselves in federal civil actions. For more information, Plaintiffs may visit http://www.cacd.uscourts.gov/ and follow the link for "Pro Se Clinic – Los Angeles" or contact Public Counsel at 213-385-2977, extension 270.

**IT IS SO ORDERED.**

November 13, 2013

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**